IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br><br>Applicant,<br><br>v.<br><br>PERSONNEL STAFFING GROUP, LLC,<br>D/B/A MOST VALUABLE PERSONNEL<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 16-9770<br>)<br>)<br>)<br>)<br>)<br>) |

**APPLICATION FOR AN ORDER TO SHOW CAUSE
WHY SUBPOENA SHOULD NOT BE ENFORCED**

The United States Equal Employment Opportunity Commission ("EEOC") respectfully requests entry of an order to show cause why the administrative subpoena CH-09-073 ("Subpoena"), issued by the EEOC, should not be enforced against Personnel Staffing Group, LLC d/b/a Most Valuable Personnel ("Respondent"). In support of this Application, the EEOC states that:

1. This is an action for enforcement of a subpoena pursuant to Sections 706, 709, and 710 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5, 2000e-8, and 2000e-9.

2. Jurisdiction is conferred upon the court by § 706(f)(3), 42 U.S.C. § 2000e-5(f)(3), and by section 11 of the National Labor Relations Act, 29 U.S.C. § 161, as amended, incorporated by reference in § 710 of Title VII, 42 U.S.C. § 2000e-9.

3. Applicant, the EEOC, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, including the investigation of charges of unlawful employment practices, and is authorized to bring this action pursuant to § 710 of Title VII, 42 U.S.C. § 2000e-9.

1

4. Respondent, a temporary staffing agency, is an Illinois corporation doing business in the State of Illinois with, at relevant times, facilities within the Eastern Division of the Northern District of Illinois. Respondent has at all relevant times been an employer within the meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

5. Antwoin Hunt, Norman Green, and Keeona Person ("Charging Parties") filed charges of discrimination against Respondent ("Charges") on March 13, 2015, (EEOC Charge Nos. 440-2015-03375, 440-2015-03383, and 440-2015-03388, respectively).

6. Mr. Hunt and Mr. Green allege that, from August 2014 to the present, they have sought and been available for work assignments from Respondent and its client companies, but Respondent has denied them and other similarly-situated African-American laborers assignments while offering assignments to non-African-American laborers who are no more qualified. They also allege that Respondent has a policy or practice of preferring non-African-Americans to African-Americans, or of honoring its clients' discriminatory requests for non-African-American workers.

7. Ms. Person alleges that from September 2014 to the present, she has sought and been available for work assignments from Respondent and its client companies, but Respondent has denied assignments because of her sex while assigning non-female laborers who were no more qualified than her or other female laborers. She further alleges that Respondent has a policy or practice of preferring non-female laborers over female laborers or of honoring its clients' discriminatory requests for non-female workers.

8. Upon receiving these Charges, the Commission sent a Notice of Charge of Discrimination to Respondent. Thereafter, the Charges were assigned for investigation by the Commission, pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5.

9. On March 10, 2016, the Commission issued the instant Subpoena, which requests

2

documents pertaining to seven categories of information. The Subpoena was issued pursuant to the authority granted to the EEOC by Title VII, in order to investigate matters relevant to the duly-filed Charges of employment discrimination filed by the Charging Parties under Title VII.

10. On March 18, 2016, Respondent filed a petition with the EEOC to revoke or modify the Subpoena. On June 29, 2016, the EEOC granted in part Respondent's request to modify the Subpoena, denied the petition in part, and directed Respondent to comply with the Subpoena on or before July 20, 2016.

11. By the date of this application, Respondent has produced some documents but has not fully complied with the Subpoena.

12. The accompanying Declaration of William Hubbartt, Investigator (Exhibit 1 to the EEOC's Memorandum in Support of Application to Show Cause, filed concurrently herewith), and the attachments thereto, provide the factual support for this Application. The Declaration and the attachments are incorporated by reference into this Application.

13. As set forth more fully in the EEOC's Memorandum in Support of this Application ("Memorandum"), the Subpoena is within the agency's authority, the subpoena is not too indefinite, and the information sought is reasonably relevant to the Charges.

Accordingly, and for the reasons set forth more fully in the EEOC's Memorandum, Respondent should be directed to comply fully with the Subpoena.

WHEREFORE, the EEOC respectfully requests that this Court:

A. issue an Order directing Respondent to appear before this Court on a date certain to show cause why an Order should not issue directing Respondent to comply with the Subpoena;

B. Upon return of such Order to Show Cause, issue an order directing Respondent to comply with the Subpoena;

      C.      Award the EEOC attorney fees and costs in bringing this action; and

      D.      Grant the EEOC such further relief as may be necessary and appropriate.

October 17, 2016                          Respectfully Submitted,

                                          /s/ Ann Henry  
                                       Ann Henry  
                                       ARDC # 6272394  
                                       U.S. Equal Employment Opportunity Commission  
                                       500 West Madison St., Ste. 2000  
                                       Chicago, IL  60661  
                                       312-869-8098  
                                       ann.henry@eeoc.gov

## CERTIFICATE OF SERVICE

      I, Ann Henry, an attorney, hereby certify that on October 17, 2016, I electronically filed an **APPLICATION FOR AN ORDER TO SHOW CAUSE WHY A SUBPOENA SHOULD NOT BE ENFORCED** and a **MEMORANDUM IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE WHY A SUBPOEAN SHOULD NOT BE ENFORCED** with the Clerk of the Court using the CM/ECF system and served the motion on the following counsel by electronic and U.S. mail:

Carter Korey (ckorey@koreyrichardsonlaw.com)
Elliot Richardson (erichardson@korerichardsonlaw.com)
Britney Zilz (bzilz@koreyrichardsonlaw.com)
Korey Richardson, LLC
20 S. Clark St., Suite 500
Chicago, IL 60603


October 17, 2016                                            /s/Ann M. Henry
                                                                          Ann M. Henry
                                                                          ARDC No. 6272394
                                                                          U.S. Equal Employment Opportunity
                                                                          Commission
                                                                          500 West Madison Street, Suite 2000
                                                                          Chicago, Illinois 60661
                                                                          (312) 869-8098
                                                                          E-Mail: ann.henry@eeoc.gov